IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YIBULAYIN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| YELLOW FREIGHT SYSTEMS, et al. | : | |
| | : | NO. 04-3690 |

**MEMORANDUM AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                              October 17, 2005

On October 7, 2005, Defendant Yellow Freight Systems ("Yellow Freight") filed a Motion *in Limine* to preclude the testimony of Plaintiff's accident reconstruction expert, James C. Halikman ("Halikman"). (Doc. No. 22). Yellow Freight challenges Halikman's testimony under Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert testimony. Specifically, it argues that the methods underlying Halikman's conclusions are scientifically unreliable and speculative. Plaintiff responded that Halikman's testimony is based on physical evidence and reliable methodology and should be properly admitted.

The Supreme Court has charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony.[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). This responsibility extends to testimony based not only on scientific knowledge, but to testimony based on technical or other specialized knowledge as well. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The Third Circuit requires this Court to address the "trilogy of restrictions" on the admissibility of expert testimony under Rule 702. *Calhoun v. Yamaha Motor*

---

[1] In addition, Federal Rule of Evidence 104(a) provides that "[p]reliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court."

*Corp., U.S.A.*, 350 F.3d 316, 320-21 (3d Cir. 2003). First, the witness must be qualified as an expert. Second, the testimony must be reliable. Third, the expert testimony must "fit," meaning it must be relevant and assist the trier of fact. *Id*. There is no serious dispute over either the first or third points.[2] Therefore, our analysis will focus on the reliability of Halikman's testimony.

Several factors guide our reliability analysis. They include:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 742 (3d Cir.1994). While these factors guide our admissibility determination under Rule 702, they are also used to gauge whether the moving party will be able to effectively challenge the expert testimony at trial. *See U.S. v. Mitchell*, 365 F.3d 215, 233, 245 (3d Cir. 2004) (many of the *Daubert* factors are in place such as to guarantee "that cross-examination and adversary testing will be possible").

Yellow Freight asserts that Halikman's opinion is not based on any physical evidence. The opinion, however, does appear to be grounded at least upon post-accident photographs of the Plaintiff's vehicle together with the descriptions of the accident from the parties involved.

---

[2] A final pre-trial conference was held on October 14, 2005, during which counsel for Yellow Freight raised an objection to Halikman's qualification as an expert for the first time. During subsequent oral argument, however, counsel did not vigorously pursue this objection. We note, however, that he has been qualified as an expert in accident reconstruction at numerous trials in both state and federal court, relying upon his nearly forty years of experience and training. *See Schneider v. Fried*, 320 F.3d 396 (3d Cir. 2003) (a broad range of knowledge, skills, and training qualify an expert).

Neither Halikman's report nor Plaintiff's response to the motion, however, contain sufficient information regarding the methodology he employs to reach his conclusions. Because of this deficiency, we are unable at this time to properly undertake the required reliability analysis. Consequently, we are not prepared to definitively rule on Yellow Freight's motion until the record has been properly developed to enable this Court to fulfill its role under Rule 702.

We note that the proponent of the challenged evidence must meet the burden of demonstrating admissibility by a preponderance of the evidence. *See Paoli,* 35 F.3d 717, 743 n. 9. (the evidentiary requirement of reliability is lower than the merits standard of correctness). Therefore, we leave to Plaintiff, the proponent of the contested expert opinion, the opportunity to offer such evidence of reliability so as to meet its burden.

## ORDER

**AND NOW**, this 17th day of October, 2005, upon consideration of the Defendant's Motion *in Limine* (Doc. No. 22), together with Plaintiff's response thereto and subsequent oral argument, the motion is neither granted nor denied at this time. It is further **ORDERED** that if desired, Plaintiff shall have the opportunity prior to the calling of Mr. Halikman to appear as a trial expert to demonstrate that his opinion has significant reliability and meets the threshold standard under Federal Rule of Evidence 702 and therefore be permitted to testify at trial.

**BY THE COURT:**

**/s/ David R. Strawbridge**
**DAVID R. STRAWBRIDGE**
**United States Magistrate Judge**